IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD THOMPSON,

        Plaintiff,

v.                                                               CIVIL ACTION NO. 1:01-CV-151
                                                                       (Kaull)

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION/OPINION**

On October 2, 2001, Richard Thompson ["Plaintiff"] filed a Complaint seeking judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, the Commissioner of Social Security ["Defendant"]. The Court referred the matter to United States Magistrate Judge James E. Seibert, who on September 17, 2002, issued a Report and Recommendation recommending that Plaintiff's Motion for Summary Judgment be granted, and the claim be remanded to the Commissioner. [Docket Entry 13]. On January 13, 2003, the District Court adopted Magistrate Judge Seibert's Report and Recommendation, granting Plaintiff's Motion for Summary Judgment and remanding the action to the Commissioner for further proceedings pursuant to the Fourth Sentence of 42 U.S.C. § 405(g).

On April 14, 2003, Plaintiff filed a "Motion for Attorney Fees" seeking attorney's fees in the amount of $2,854.80, representing 21.96 hours of work by Plaintiff's counsel, Susan Kipp McLaughlin and Regina L. Carpenter [Docket Entry 23]. Defendant filed a "Response to Plaintiff's Petition for Attorney Fees" on April 30, 2003 [Docket Entry 24]. This matter was referred to the

1

undersigned United States Magistrate Judge for resolution by Chief United States District Judge Irene M. Keeley on October 8, 2004 [Docket Entry 25].

Pursuant to the EAJA, a plaintiff's attorney is entitled to a fee award if: (1) the claimant is the prevailing party; (2) the government's position was not "substantially justified;" (3) no special circumstances make an award unjust; and (4) the claimant timely filed his petition and an itemized statement within thirty days of the final judgment. 28 U.S.C. § 2412; Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

Attorney fees and expenses under the EAJA must be reasonable. See U.S.C. §§ 2412(d)(2)(A). Counsel has an ethical duty to make a good faith effort to exclude "excessive, redundant, or otherwise unnecessary" hours from the fee petition. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The district court has discretion to determine a reasonable fee award. See 28 U.S.C. § 2412(b); Pierce v. Underwood, 487 U.S. 552 (1988) (cited in May v. Sullivan, 936 F.2d 177 (4th Cir. 1991).

The Commissioner objects to the Plaintiff's fee petition for the following reasons:

(1) The Commissioner's Position was Substantially Justified and

(2) Alternatively, the Number of Hours Requested by Counsel is Excessive and Should Be Reduced.

Plaintiff first argues that the Commissioner's position was not substantially justified. In Hyatt v. Barnhart, 315 F.3d 239 (4th cir. 2002), the Fourth Circuit explained the phrase "substantially justified" as follows:

> Under § 2412(d)(1)(A) of the EAJA, the court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust. *Id.* (emphasis added). The award of attorneys' fees to a prevailing

2

> party, therefore, "is mandatory *unless* the government can demonstrate that its position was 'substantially justified,' " *EEOC v. Clay Printing Co.,* 13 F.3d 813, 815 (4th Cir.1994), or that special circumstances make an award unjust. " 'Substantially justified' means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis both in law and fact.' " *Id.* (quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C.A. § 2412(d)(1)(B). And, in determining "whether the government acted reasonably in causing the litigation or in taking a stance during the litigation," we must consider the "totality of the circumstances." *Roanoke River Basin Ass'n v. Hudson,* 991 F.2d 132, 139 (4th Cir.1993). We review the district court's determination that the SSA's position was not "substantially justified" for an abuse of discretion. *See Pierce,* 487 U.S. at 562-63, 108 S.Ct. 2541.

Id. at 244-245.

In the underlying case at bar, Plaintiff argued: 1) The ALJ must follow Social Security Acquiescence Ruling 11-1(4) when reviewing successive disability claims; 2) The ALJ failed to include the restrictions noted by the consulting psychiatrist; 3) The ALJ failed to consider the opinions of the consulting rheumatologist; 4) The ALJ failed to adequately consider his testimony regarding the severity of his pain; and 5) The Appeals Council failed to explain the weight it accorded new evidence submitted to it after the ALJ's decision. The District Court agreed with the Commissioner on every argument except the final one. The Court agreed with Plaintiff that "the Appeals Council, after admitting the additional evidence he presented for its review, failed to explain the weight it afforded the new evidence in its conclusion that the new evidence did not provide a basis for changing the ALJ's decision (citing Myers v. Califano, 611 F.2d 980 (4th cir. 1980). The Court therefore reversed and remanded the claim to the Appeals Council solely "to make

specific findings regarding Dr. Fisher's report and to indicate the weight given to that report." (See Order adopting Magistrate Judge's Report and Recommendation at 12-13).

The undersigned finds that, even though the claim was reversed and remanded, the Commissioner's position regarding the new evidence to the Appeals Council was substantially justified. As this Court has found on numerous occasions, this precise issue has generated conflicting opinions in the District Courts of the Fourth Circuit. First, the regulations do not require the Appeals Council to state its rationale for denying review. See 20 C.F.R. § 404.970(b). In Alexander v. Apfel, 14 F. Supp. 2d 839 (W. D. Va. 1998), the Western District of Virginia held that the Appeals Council must provide its reasoning in finding the evidence did not justify further administrative action. Alexander, however, is of little precedential value in this Court. In an unpublished opinion decided after Alexander, the Fourth Circuit specifically rejected the contention that the Appeals Council must articulate its own assessment of the additional information. See Hollar v. Commissioner of Social Security, 194 F.3d 1304 (4th Cir. 1999)(unpublished), cert. denied, 120 S. Ct. 2228 (2000)(citing Browning v. Sullivan, 958 F. 2d 817 (8th Cir. 1992), 20 C.F.R. § 404.970(b));[1] cf., Harmon v. Apfel, 103 F. Supp. 2d 869 (D.S.C. 2000) (court declined to follow Hollar and instead required the Appeals Council to articulate its reasoning in declining review where new evidence was submitted.). Finally, a subsequent decision in the Western District of Virginia itself concluded the exact opposite of the magistrate judge in Alexander. In Ridings v. Apfel, 76 F. Supp. 2d 707 (W.D. Va. 1999), which was decided after Alexander, District Judge Jones held that the Appeals Council was not required to state its reasons for finding that the new evidence did not justify review of the ALJ's decision. Judge Jones expressly disagreed with the magistrate judge's

---

[1] Pursuant to CTA 4 Rule 36, a copy of Hollar is attached to this Opinion.

reasoning that the Appeals Council must give a detailed assessment of its failure to grant review in the face of new evidence, citing Hollar.[2] Despite holding that the Appeals Council was not required to articulate its reasoning for denied review, Judge Jones affirmed the magistrate judge's recommendation that Ridings' claim be remanded to the Commissioner, because "substantial evidence [did] not support the ALJ's decision, when reviewed along with [the new evidence]." Id. at 709. (Emphasis added).

Because the issue was not clearly decided in the Fourth Circuit, the undersigned finds the Commissioner's position regarding the Appeals Council's treatment of the new evidence was "justified to a degree that would satisfy a reasonable person." Pierce v. Underwood, supra at 565-569; Hyatt v. Barnhart, supra at 244-245.

The undersigned therefore recommends Plaintiff's "Motion for Attorney's Fees under Equal Access to Justice Act" be DENIED. Because this decision is dispositive regarding the issue of Attorney's fees in this matter, the undersigned does not reach the merits of Defendant's other objections to Plaintiff's Motion.

RECOMMENDATION

For all the above reasons, the undersigned recommends Plaintiff's "Motion for Attorney's Fees under Equal Access to Justice Act" [Docket Entry 23] be **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy

---

[2] Judge Jones did cite Alexander in a footnote, stating: "At least one other magistrate judge of this district has held that the Appeals Council must articulate some reason for finding that the new evidence does not justify review." *Id.* at n.6.

5

of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 16 day of September 2004.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

194 F.3d 1304 (Table)
**Unpublished Disposition**

**(Cite as: 194 F.3d 1304, 1999 WL 753999 (4th Cir.(N.C.)))**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA4 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Fourth Circuit.

Donna E. HOLLAR, Plaintiff-Appellant,
v.
COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, Defendant-Appellee.

No. 98-2748.

Submitted July 30, 1999.
Decided Sept. 23, 1999.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville, No. CA-96-138-5-V; Richard L. Voorhees, District Judge.

Donna E. Hollar, Appellant Pro Se.

Joseph L. Brinkley, Office Of The United States Attorney, Charlotte, North Carolina, for Appellee.

Before WIDENER and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.

OPINION

PER CURIAM.

**\*\*1** In this case, the Commissioner of Social Security found that Donna E. Hollar was disabled from December 30, 1990 to June 12, 1992, when her disability ceased. Hollar now appeals the district court's order upholding the Commissioner's decision. We affirm.

Hollar alleged that she became disabled on December 30, 1990 due to complications from an automobile accident. Her application was denied initially and on reconsideration. After the ALJ issued his decision, Hollar sought review before the Appeals Council. The Appeals Council considered additional evidence submitted by Hollar but found that the evidence did not provide a basis for changing the ALJ's decision. The ALJ's decision therefore became the final decision of the Commissioner.

Hollar then filed the subject action in the district court. *See* 42 U.S.C. § 405(g) (1994). A magistrate judge found that substantial evidence supported the Commissioner's decision. Hollar, through counsel, objected to the magistrate judge's findings. The district court found her objections to be without merit, adopted the recommendation of the magistrate judge, and entered summary judgment for the Commissioner. Hollar timely appeals.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the correct law was applied. *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990). In this case, our review is further restricted to consideration of the two issues that counsel raised in the objections to the magistrate judge's report. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins,* 766 F.2d 841, 845-46 (4th Cir.1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir.1984). In her objections, Hollar complained that the Appeals Council failed to consider and make explicit findings concerning the evidence submitted in support of her claim after the ALJ's decision. Second, Hollar contended that the magistrate judge erred in conducting a de novo review of the evidence, including the additional evidence submitted to the Appeals Council.

The Appeals Council in its decision did not engage in extensive analysis of the additional evidence but simply identified the evidence, stated that it had considered the evidence, and concluded that the evidence did "not provide a basis for changing the Administrative Law Judge's decision." At least one court of appeals has specifically rejected the claim that the Appeals Council must "articulate its own assessment of the additional evidence." *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). We agree with this conclusion and further note that the regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision. *See* 20 C.F.R. § 404.970(b) (1999).

**\*\*2** In her second objection, Hollar contended that the magistrate judge erroneously engaged in a de novo review of the additional evidence. To the contrary, the magistrate judge correctly analyzed the entire record. He found that substantial evidence supported the Commissioner's decision and that the additional evidence submitted to the Appeals Council did not change his finding. *See Browning,* 958 F.2d at 822-23.

Our review of the record and the district court's opinion adopting the recommendation of the magistrate judge discloses no reversible error. We therefore affirm on the reasoning of the district court. *See Hollar v. Commissioner,* No. CA-96-138-5-V (W.D.N.C. Sept. 18, 1998). [FN\*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

> FN\* Although the district court's judgment or order is marked as "filed" on September 17, 1999, the district court's records show that it was entered on the docket sheet on September 18, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. *See Wilson v. Murray,* 806 F.2d 1232, 1234-35 (4th Cir.1986).

*AFFIRMED*

194 F.3d 1304 (Table), 1999 WL 753999 (4th Cir.(N.C.)), Unpublished Disposition

END OF DOCUMENT