FILED
OCT 5 - 2005
U.S. DISTRICT COURT
CLKSBURG, WV 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD THOMPSON,**

    **Plaintiff,**

v.                     **CIVIL ACTION NO. 1:01CV151**
                           **(Judge Keeley)**

**JO ANNE BARNHART, COMMISSIONER
OF SOCIAL SECURITY ADMINISTRATION,**

    **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 4.01(d), on October 8, 2004, the Court referred the motion for attorney fees to United States Magistrate John S. Kaull with directions to submit to the Court proposed findings of fact and a recommendation for disposition. On September 19, 2005, Magistrate Judge Kaull filed his Report and Recommendation and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the Report and Recommendation and further directed the parties that failure to file objections would result in a waiver of the right to appeal

THOMPSON V. BARNHART                                          1:01CV151

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

from the judgment of this Court. The parties did not file any objections.

Upon consideration of the Magistrate Judge's recommendation and having received no written objections,[1] the Court accepts and approves the Report and Recommendation. Therefore, it is **ORDERED** that Magistrate Kaull's Report and Recommendation is accepted in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate. Accordingly, the counsel's motion for attorney's fees pursuant to EAJA (Docket No. 23) is **DENIED**;

The Clerk of the Court is directed to transmit copies of this Order to counsel of record.

DATED: October _____5_____, 2005.

_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).